N.Y. Schs. Ins. Found., Inc. v New York Prop. Ins. Underwriting Assn. (2024 NY Slip Op 06206)

N.Y. Schs. Ins. Found., Inc. v New York Prop. Ins. Underwriting Assn.

2024 NY Slip Op 06206

Decided on December 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2022-05294
2024-12278
 (Index No. 602778/20)

[*1]N.Y. Schools Insurance Foundation, Inc., etc., appellant, 
v
New York Property Insurance Underwriting Association, respondent.

Bond, Schoeneck & King, PLLC, Albany, NY (Stuart F. Klein of counsel), for appellant.
Mound Cotton Wollan & Greengrass LLP, New York, NY (Constantino P. Suriano, Robert S. Goodman, and Matthew G. Horowitz of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for a judgment declaring that the plaintiff is not a member of the defendant, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered June 10, 2022, and (2) a judgment of the same court entered July 27, 2022. The order granted the defendant's motion for summary judgment dismissing the complaint, on its first counterclaim, for a judgment declaring that the plaintiff is a member of the defendant, and on its second and third counterclaims, for payment of an assessment, and denied the plaintiff's cross-motion for summary judgment on the complaint and declaring that it is not a member of the defendant. The judgment, upon the order, is in favor of the defendant and against the plaintiff dismissing the complaint, declaring that the plaintiff is a member of the defendant, and awarding the defendant the principal sum of $179,664.02 on its second and third counterclaims. The notice of appeal from the order is deemed also to be a notice of appeal from the judgment (see CPLR 5501[c]).
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho , 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[c]).
In February 2020, the plaintiff, a reciprocal insurer, commenced this action against the defendant, a statutorily created joint underwriting association (see Insurance Law § 5402), inter alia, for a judgment declaring that it is not a member of the defendant and, therefore, not obligated to pay an assessment issued by the defendant in July 2019. The defendant served an answer to the complaint and asserted three counterclaims. The first counterclaim sought a judgment declaring that [*2]the plaintiff is a member of the defendant. The second and third counterclaims sought payment of the July 2019 assessment. The defendant subsequently moved for summary judgment dismissing the complaint and on its counterclaims, and the plaintiff cross-moved for summary judgment on the complaint and declaring that it is not a member of the defendant. By order entered June 10, 2022, the Supreme Court granted the defendant's motion and denied the plaintiff's cross-motion. Thereafter, a judgment was entered in favor of the defendant and against the plaintiff dismissing the complaint, declaring that the plaintiff is a member of the defendant, and awarding the defendant the principal sum of $179,664.02 on its second and third counterclaims.
Insurance Law § 5402(a) provides, inter alia, that "[t]he joint underwriting association known as the New York property insurance underwriting association is continued, consisting of all insurers authorized to write and engaged in writing within this state, on a direct basis, fire and extended coverage insurance, including insurers covering such perils in homeowners and commercial multiple peril package policies." That section further provides that "[e]very such insurer shall be and remain a member of the association as a condition of its authority to continue to transact fire, extended coverage and homeowners insurance in this state" (id. ).
Here, the defendant established its prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that the plaintiff is authorized to and engages in writing, on a direct basis, fire and extended coverage insurance in New York. The defendant therefore demonstrated, prima facie, that the plaintiff is a member of the defendant (see id. ) and is obligated to pay the July 2019 assessment (see id. § 5405). Contrary to the plaintiff's contention, it is not excluded from membership in the defendant on the basis that it does not provide homeowners insurance. Although the defendant includes insurers who write homeowners insurance, Insurance Law § 5402(a) does not require insurers to write homeowners insurance in order to be members.
In opposition, the plaintiff failed to raise a triable issue of fact.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint, on its first counterclaim, for a judgment declaring that the plaintiff is a member of the defendant, and on its second and third counterclaims, for payment of the July 2019 assessment. For the same reasons, the court properly denied the plaintiff's cross-motion for summary judgment on the complaint and declaring that it is not a member of the defendant.
BARROS, J.P., CHAMBERS, DOWLING and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court